GEORGE E. McWILLIAMS, Administrator of the Estate of John C. McWILLIAMS, Deceased, Respondent, v. THERESA J. BRITTON, Appellant.

(188 N. W. 44.)

**Trusts — facts held not to show completed gift vesting title in donor in trust for donee.**

Where one purchased a house and lot taking the title thereto in his own name with the intention of providing a home for his sister and her children, and, where, at the time of the purchase, he wrote a letter to his sister to the effect that he had bought a home for her, and where, otherwise, pursuant to the oral statements of the deceased, it appears that he intended to give such home to his sister and to convey the same to her if it could be done free from any claims of her husband who had deserted her, it is *held*, for reasons stated in the opinion, that there was not a completed gift of the beneficial interest to his sister and an express trust was not created vesting the legal title in the deceased, as donor, in trust for his sister, as donee.

Opinion filed April 26, 1922.

Action to quiet title in District court, Grand Forks county, *Cooley*, J. The defendant has appealed from the judgment.

Affirmed.

*James Manahan,* for appellant.

Where the author of the gift retains the legal dominion over the subject of the gift in himself, but fully and completely declares himself to be trustee of the property for the purposes indicated, there he will be treated as its trustee, and the object of his bounty will be given the benefit of the trust. Taylor v. Henry, 48 Md. 550; Lane v. Ewing, 31 Mo. 86.

The following are cases in which voluntary trusts have been created in the donor by a declaration which complied with the statutory requirements. Ford v. Mayo, 91 Ky. 83; Bond v. Bunting, 78 Pa. 210; Krankel v. Krankel, 104 Ky. 745; Taylor v. Henry & Bruscup, Adm'rs., 48 Md. 550; Barkley & C. v. Lane, 69 Ky. 587; Roche & C. v. George's Ex'r. 93 Ky. 609; Leeper v. Taylor, 111 Mo. 312.

It is well settled that the declaration of trust need not be a formal document.   3 Pomeroy Equity Juris. 4th ed. § 1007; Barrell v. Joy, 16 Mass. 221; Barkley v. Lane, 6 Bush (69 Ky.) 589.

*S. J. Radcliffe, Murphy & Toner,* for respondent.

"To warrant a decree for specific performance of a parol contract, whether of gift or otherwise, for the conveyance of land the evidence must be cogent, clear and unequivocal, both as to the existence of the contract and as to the terms and conditions."   Logue v. Langan, 151 Fed. 459, citing: Story's Eq. Jur. Vol. 2, § 764; McKee v. Higbee, 79 S. W. (Mo.) 407.

## Statement.

BRONSON, J.   John C. McWilliams died in March, 1919.   The administrator of his estate brings this action against his sister, one of the heirs, to quiet title in a house and lot in Grand Forks.   The defense is that the deceased purchased the property, and took title thereto in his own name upon an express trust in favor of the defendant.

The substantial facts are as follows: The defendant was termed the favorite sister of the deceased.   In the years past she had worked and kept house for him upon his farm.   Later the sister married, and, for a time lived at McCanna, where her husband ran a barber shop and pool room.   While there, her husband deserted her and their two children, and left for places unknown.   Thereupon deceased assisted and provided for his sister; he took and disposed of the property left by her husband; for a time she lived in a house owned by him at McCanna.

In the fall of 1916 the deceased bought the property involved.   He had desired to arrange so that his sister might live in Grand Forks, and that her children might have the school advantages there.   Before he purchased this property he stated that he wanted to purchase a home for his sister.   When the deceased bought this property he wrote his sister as follows:

"Dear Sister Thress: Bought you the Edwards house.   Think it will be large enough for you.   Bought Brown some underclothes and a coat. Will see you Saturday.   Your brother, J. C."

Brown was the defendant's minor son.   Various witnesses testified concerning oral statements made by the deceased in regard to the purchase

of this property. In general they are to the effect that he had bought this house for his sister as her home; he wanted to take care of his sister during her lifetime; he had always supported her since her husband deserted her; that he did not give to her a deed of the property by reason of her husband, fearing that, if anything should happen to her, he might come back and claim the property; that he would keep this property in his name to protect her; that he would have deeded it to his sister if he could in some way arrange it so that her husband could not get hold of it. To one party he stated that he wanted a deed drawn to protect her from her husband; to another party that, if things could be arranged so that her husband would release any claim upon the property, he would deed the house to her. With that party he made arrangements to try to locate the husband. Such party attempted to so do, but was unable to find or locate such husband. To another witness he stated that this home where his sister was living was one he had purchased for her and had given to her. Another sister of the deceased testified that, about Thanksgiving time in 1918, her sister, the defendant, stated that the deceased wanted to sell the house.

The deceased paid the real estate taxes upon the property; also the personal property taxes of his sister. He also aided her in her support.

The trial court found that the deceased was the owner of the property, and that the defendant possessed only a one-sixth interest therein as heir of the deceased, all subject to the control of the county court for purposes of the administration. From the judgment so entered, the plaintiff has appealed.

It is the contention of the defendant that the record discloses a completed gift of the beneficial interest in the property and a valid declaration of a trust which vested the legal title in the deceased, as donor, in trust for his sister, as donee.

## Decision.

The defendant must rely on the creation of an express trust in realty through the voluntary gift of the deceased. The record does not warrant a finding of any indebtedness owing by the deceased to his sister so as to afford a basis for a valuable consideration.

Did the deceased create an express trust in favor of his sister as cestui que trust? Upon the record this is largely a matter of intention and interpretation. The letter written to his sister satisfies the require-

ments of the statute if he did intend to create an express trust. Section 5364, C. L. 1913; 3 Pomeroy's Eq. Jurisprudence, § 1007. An express trust, however, must be created with certainty, so that a court of equity may enforce its execution. 39 Cyc. 58. The burden of establishing such express trust is upon the party seeking to establish it. 39 Cyc. 631. Upon the record it is apparent that the deceased intended to furnish a home for his sister. It is evident that he intended to protect her, so as to assure for her a home. If an express trust did exist, as contended by the defendant, this protection would not exist quite as the deceased intended; for, if the sister had died prior to the death of her brother, title in this house and lot would have passed to her husband and her children if there had existed an express trust as so contended by the defendant. A conveyance by the sister, with her husband joining, would have been effective to pass a title.

The deceased did not intend to place the title so that it might become in any way subject to any claims of the sister's husband. He sought to make an arrangement whereby the title could be transferred so as to be free from any claim of the husband. He sought advice for such purposes. He tried to locate his sister's husband. He was unable to so do, and nothing in that regard was done. It may not be doubted that he possessed intentions to give his property to his sister. It is apparent that the actual transfer of the legal title in consummation of his intentions was not made, by reason of possible claims that might be asserted by the husband. Did he intend to pass the entire beneficial interest to his sister? We are unable to answer this question in the affirmative. The deceased retained dominion and supervision over the title, which he took in his own name. He paid the taxes, and provided for her a home, and intended to protect her in that home. Although he intended to give this property to her, the gift was imperfect, and not completed. Accordingly equity must leave the parties as it finds them. Lane v. Ewing, 31 Mo. 75, 86, 77 Am. Dec. 632

It follows that the judgment of the trial court was proper. It is affirmed.

GRACE, C. J., and ROBINSON, BIRDZELL, and CHRISTIANSON, JJ., concur.