In The Matter of the ESTATE of R. H. JONES, also known as Robert H. Jones or Robert Jones, Deceased.

Judy I. JONES, Personal Representative of the Estate of Robert T. Jones, also known as Robert T. E. Jones, Deceased, Petitioner and Appellant below, Appellee,

v.

Irene H. JONES, Personal Representative of the Estate of R. H. Jones, Deceased, and Irene H. Jones, personally, Respondent and Appellee below, Appellant,

and

Rosemary Hodges, Karen Brookhart, Jeanne Faiman, and Jule NeVille, Respondents and Appellees below.

Civ. No. 9668.

Supreme Court of North Dakota.

Feb. 14, 1980.

Freed, Dynes, Malloy & Reichert, Dickinson, for petitioner and appellant below, appellee; argued by George T. Dynes, Dickinson.

Orrin B. Lovell, Beach and Zuger & Bucklin, Bismarck, for respondent and appellee below, appellant; argued by Leonard H. Bucklin, Bismarck, and Harold H. Halstead, Mercer Island, Wash.

PEDERSON, Justice.

This case began as an action in the Golden Valley County Court by Judy Jones as personal representative of the estate of her late husband, Timer Jones, to rescind a

waiver and assignment Timer signed in connection with the probate of the estate of Bob Jones, Timer's father. Timer's mother, Irene Jones, personal representative of Bob Jones' estate, was named a defendant in the action. The county court held it had no jurisdiction to set aside a contract agreement, and that the waiver and assignment was still in full force and effect. Judy Jones appealed this decision to the district court and requested a trial de novo. The district court held that it had jurisdiction to grant the relief requested, and rescinded the waiver and assignment. This appeal by Irene Jones followed. We hold that the district court, on appeal from the decision of the county court, had no jurisdiction to rescind the waiver and assignment. The judgment is therefore reversed.

After the county court decided that it had no subject-matter jurisdiction to grant a rescission of Timer Jones' waiver and assignment, the matter was appealed to the district court and a trial de novo was requested and granted. Irene Jones moved that the court dismiss the appeal on the ground that where the county court has no jurisdiction of the subject matter, the district court acquires none upon appeal.

At this same time, Judy Jones, after perfecting the appeal to district court, commenced an original action in district court, in effect raising the same issues that she raised in the appeal. Judy requested that the two cases be consolidated to avoid the possibility that the district court, in the appeal from county court, might not have jurisdiction to grant the relief requested. District Judge Muggli dismissed this original action without prejudice. Thereafter, Judy commenced a second original action, and again requested that the original district court action be consolidated with the appeal from the county court. Judy also filed a demand for change of judge, and District Judge Hodny was assigned to hear this original district court action.

Judge Hodny suspended this second action until the appeal from the county court was completed. He stated in a letter to the attorneys: "These two cases [the second original district court action and the appeal from county court to district court] apparently involve common questions of fact and law. However, due to the fact the two judges are involved, it is impossible for me to consolidate under Rule 42. . . . This result Mr. Dynes' client brought on himself by filing the demand for change of judge, and there is nothing I can do about it."

Judge Muggli ruled that the district court, on appeal from county court, had jurisdiction to determine the issues Judy Jones raised. The motion to dismiss the appeal was denied. The case was heard on the merits and judgment was rendered in favor of Judy Jones, rescinding the waiver and assignment executed by Timer Jones. Irene Jones appeals from this decision.

Irene Jones, at all times and in all contexts, objected to the jurisdiction of the district court on appeal from the county court to grant the rescission, urging that because the county court lacked jurisdiction to grant such relief, the district court acquired none on the appeal.

We must determine then:

(1) Did the county court have subject-matter jurisdiction to grant a rescission of Timer Jones' waiver and assignment?, and

(2) If not, did the district court have jurisdiction to do so on appeal from the county court?

■ Judy Jones contends that with the passage of the Uniform Probate Code in North Dakota (Chapter 257, S.L. 1973), the jurisdiction of the county court in probate matters has been broadened. Therefore, Judy reasons that prior case law holding that the probate court could not hear an action to cancel a document, such as the assignment in this case,[1] and that the pro-

---

1. *Muhlhauser v. Becker*, 74 N.D. 103, 20 N.W.2d 353 (1945); *Volk v. Volk*, 121 N.W.2d 701 (N.D.1963).

bate court has no equity jurisdiction,[2] is no longer controlling.

Although North Dakota's Uniform Probate Code, codified in Chapter 30.1, NDCC, has added certain language pertaining to the probate court's subject-matter jurisdiction,[3] this additional language was not intended to broaden the probate court's power to include equity jurisdiction or subject-matter jurisdiction over contracts.

When our Legislature adopted the North Dakota version of the Uniform Probate Code, it omitted §§ 1–308 and 1–309 of the Uniform Code. Section 1–308 provided for a direct appeal from the probate court to the supreme court, and assumed that the probate court would be a court of general jurisdiction. Instead, North Dakota's version leaves intact the prior procedure requiring that appeals from probate court be taken to district court. Section 30.1–02–02, NDCC. *Matter of Estate of Bieber*, 256 N.W.2d 879 (N.D.1977). Section 1–309 provided that the legal qualifications of a probate judge would have to be that of a judge of a court of general jurisdiction. North Dakota has no requirement that county court judges be "learned in the law."

By specifically omitting these sections, and by retaining the provision that the *district court* has equity jurisdiction [1–302(b)], our Legislature retained its prior court structure and rejected the Uniform Code concept of a probate court with the full judicial power of a court of general jurisdiction.[4]

■ Prior case law holding that the county court has no equity jurisdiction is still controlling. See footnote 2, *supra*. An action to rescind a document is essentially equitable. *Volk v. Volk*, 121 N.W.2d 701

(N.D.1963); *Fedorenko v. Rudman*, 71 N.W.2d 332 (N.D.1955). Accordingly, the county court properly determined that it had no subject-matter jurisdiction to hear the case.

■ Did the district court, on appeal, have jurisdiction to grant the rescission?

*In re Edinger's Estate*, 136 N.W.2d 114 (N.D.1965), provides us with the applicable principles as to jurisdiction of the district court on appeal. Generally, an appeal from an order of the county court and demand of trial de novo in the district court only invokes the appellate jurisdiction of said court. Where the county court has no jurisdiction of the subject matter, the district court acquires none upon appeal. See *In re Edinger's Estate, supra*, 136 N.W.2d at 124. However, if the parties wish to have the issues submitted to the district court and tried on the merits, they have the right to invoke the original equitable jurisdiction of the district court, even though the matter was brought to that court by an appeal from the county court. To do this, it must be shown by clear and convincing evidence that the parties voluntarily submitted the issues to the district court. See *In re Edinger's Estate, supra*, 136 N.W.2d at 126.

In the instant case, Irene Jones, at the county court level and at the district court level on appeal, objected to the jurisdiction of such courts to grant the rescission. For reasons of judicial economy, it is unfortunate that this case will have to be reheard and redetermined. However, considering the importance of jurisdictional requirements, and considering the fact that this is clearly not a case where the parties voluntarily invoked the original equitable juris-

---

2. *Muhlhauser v. Becker, supra; In re Edinger's Estate*, 136 N.W.2d 114 (N.D.1965).

3. "30.1–02–02(1–302). Subject matter jurisdiction.—1. To the full extent permitted by the Constitution, the court has jurisdiction over all subject matter relating to guardianship, probate, and testamentary matters, including:
   a. Estates of decedents, including construction of wills and determination of heirs and successors of decedents."

The underlined portion constitutes the added language.

4. Perhaps the Uniform Code's concept is one that deserves careful consideration by the Judiciary "A" Committee of the Legislative Council when studying the structure of our judicial system.

diction of the district court, the judgment of the district court must be reversed.

The judgment is reversed.

ERICKSTAD, C. J., and VANDE WALLE, SAND and PAULSON, JJ., concur.