Marion BERGQUIST, d/b/a J A E Trucking, Plaintiff and Appellee,

v.

Eugene SPELDRICH, d/b/a Speldrich Trucking, Defendant and Appellant.

Civ. No. 10586.

Supreme Court of North Dakota.

July 18, 1984.

Freed, Dynes, Reichert & Buresh, Dickinson, for plaintiff and appellee; argued by Ronald A. Reichert, Dickinson.

Baird & Senn, Dickinson, for defendant and appellant; argued by Robert B. Baird, Dickinson.

PEDERSON, Justice.

Concluding that a written agreement between Bergquist and Speldrich involving water hauling in the oil fields was ambiguous as to payment, the trial court, without a jury, heard and considered parol evidence and found, as a fact, that payment within 60 days was intended. Speldrich appealed from the judgment, contending that the intent of the parties was that he would pay Bergquist only after he had collected from the oil well owner.

Terms of a contract are ambiguous when language is subject to more than one construction. *Bye v. Elvick,* 336 N.W.2d 106 (N.D.1983). Whether or not ambiguity exists is determined by the court as a matter of law. *Inter. Feed Products v. Alfalfa Products,* 337 N.W.2d 154 (N.D. 1983). We agree that the contract in this case is ambiguous as to the terms of payment.

Parol evidence should be admitted and considered to explain away ambiguities. *Bye v. Elvick, supra.* A finding of fact is reviewable pursuant to Rule 52(a), NDRCivP. Only when it has been demonstrated that the finding lacks substantial evidentiary support or was induced by an erroneous view of the law is this court authorized to disturb the finding of fact made by the trial court. *Winter v. Winter,* 338 N.W.2d 819 (N.D.1983).

The trial court heard the conflicting testimony of Bergquist and Speldrich as to the intent of the parties and, because it is in a superior position to judge credibility, we give considerable deference to its findings. See *Schmidt v. Plains Elec., Inc.,* 281 N.W.2d 794, 1 A.L.R. 4th 733 (N.D. 1979); *Rettig v. Taylor Public School District No. 3,* 211 N.W.2d 743 (N.D.1973).

The findings of fact relating to payment terms are not clearly erroneous. The trial court did not err in concluding that the unambiguous provisions of the written agreement were binding on the parties. The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.