In the Matter of the ESTATE OF Eugene V. BINDER, Deceased.

Kent BINDER and Jolene Binder, Petitioners and Appellants,

v.

Joann BINDER, as Personal Representative for the Estate of Eugene Binder, Respondent and Appellee.

Civ. No. 10868.

Supreme Court of North Dakota.

April 17, 1985.

---

Richard B. Baer [argued], of Baer & Asbridge, Bismarck, for petitioners and appellants.

E. Jean Bartlett, Devils Lake, for respondent and appellee.

GIERKE, Justice.

This is an appeal from orders of the county court dismissing the claims of Kent E. Binder and Jolene Binder against the Estate of Eugene Binder. We reverse and remand.

Kent and Jolene assert that they are beneficiaries of a trust created in 1977 by their father, Eugene Binder. Whether or not a trust was created is a disputed question. The petitioners' mother and father, Gloria and Eugene, were divorced in 1977 after twenty-two years of marriage. Prior to the divorce, the parties entered into a written property settlement agreement which was incorporated into the terms of the divorce decree. The provision of the divorce decree which is the alleged basis for the existence of a trust is as follows:

"1. That the parties hold certain real property in joint tenancy which is described as follows:

'The South One-half (S½) of the Northwest Quarter (NW¼) of Section Seventeen (17), the Northeast Quarter (NE¼) of Section Twenty (20), all in Township One Hundred Thirty six (136), Range Eighty two (82), West of the Fifth Principal Meridian.'

"It is agreed that this property should remain in joint tenancy farmed by the defendant with a Power of Attorney executed by the plaintiff to enable him to encumber and farm said property. However, it is understood and agreed that the value of the property greatly exceeds the mortgage against it and that said property *shall be held in trust for the benefit of the children of the parties.*". [Emphasis added.]

A certificate of title issued June 24, 1980, shows that Eugene transferred his interest in the parties' mobile home to Gloria. In August of 1980, Gloria conveyed her interest in the above-described farmland to Eugene by a warranty deed. The property was then sold pursuant to a contract for deed dated April 1, 1981. Eugene subsequently remarried. Shortly before Eugene's death in 1984, he changed his will, leaving the greater portion of his estate, including the farmland, to his then current wife. After Eugene's death, Kent and Jolene filed claims against his estate claiming that they are beneficiaries of a trust which Eugene created in 1977. The personal representative disallowed the claims and review was sought in county court. Both Kent and Jolene appeal from the county court's dismissal of their claims.

SUBJECT MATTER JURISDICTION

Before we reach the merits, we must determine whether or not the county court erred in its determination that it had no subject matter jurisdiction over the instant

case. The county court concluded in part that it lacked jurisdiction over this matter, pursuant to § 30.1–02–02, N.D.C.C., to adjudicate claims based upon the principles of equity. The question presented in county court was whether or not a trust was created. The question involves equitable principles to the extent that a constructive trust may be an appropriate remedy if a court concludes that no express trust was created.

■ In determining whether or not the county court has jurisdiction over the instant case, we must examine the source of the county court's jurisdiction. The county court derives its jurisdiction solely from our state Constitution and from statutory law. *Graves v. First National Bank in Grand Forks*, 138 N.W.2d 584, 588 (N.D. 1965). Recent legislative changes, however, have altered the jurisdiction of county courts and district courts.

Prior to the enactment in 1973 of North Dakota's Uniform Probate Code [which became effective July 1, 1975], county courts were vested with exclusive original jurisdiction over probate and testamentary matters.[1] County courts, however, had no general equity jurisdiction. *Volk v. Volk*, 121 N.W.2d 701, 705 (N.D.1963). District courts, on the other hand, possess general law and equity jurisdiction. § 27–05–06, N.D.C.C. Appeals from county court were handled by the district court. County courts did not lose their authority over probate and testamentary matters as a result of the enactment of North Dakota's Uniform Probate Code. However, North Dakota did not adopt § 1–308 of the Uniform Probate Code which provided for direct appeal of probate matters to a state supreme court. Instead, the Legislature retained the requirement that appeals from probate court be taken to district court. § 30.1–02–02, N.D.C.C.; *Matter of Estate of Knudsen*, 322 N.W.2d 454, 456 (N.D. 1982); *Matter of Estate of Jones*, 288 N.W.2d 758, 760 (N.D.1980). This require-

ment has since been changed by the Legislature's amending § 30.1–02–02 in 1983, as discussed herein.

Between 1979 and 1981, the Legislature undertook an enormous revision of the county court structure, which revision was made effective January 1, 1983. Equitable jurisdiction was granted to county courts over certain matters, in subsection 1 of § 27–07.1–17, N.D.C.C., which provides:

"*27–07.1–17. Jurisdiction of county courts.* A county court of any county of this state shall have jurisdiction in the following types of cases:

"1. Civil cases with not more than ten thousand dollars in controversy. The jurisdiction of the county court extends to the following actions:

"a. A garnishment action when the sum for which judgment is demanded in such action does not exceed ten thousand dollars.

"b. An attachment action when the amount of damages claimed does not exceed ten thousand dollars.

"c. An action for claim and delivery of property when the value of the property together with the sum, if any, demanded as damages does not exceed ten thousand dollars.

"d. An action for eviction from real property irrespective of value when the amount demanded therein for rents and profits or damages does not exceed ten thousand dollars."

Section 27–07.1–17, N.D.C.C., further provides for jurisdiction in the following cases:

"2. Criminal misdemeanor, infraction, and noncriminal traffic cases.

"3. Small claims cases.

"4. Probate, guardianship, and other testamentary cases pursuant to title 30.1.

"5. *Trusts pursuant to title 30.1 and title 59.*

---

1. Section 27–07–02, N.D.C.C. [Chapter 27–07, N.D.C.C., was repealed by S.L.1981, Ch. 319,

§ 51].

"6. Preliminary hearings and arraignments in felony criminal cases.

"7. Commitment proceedings pursuant to chapter 25–03.1.

"8. Any other cases, except proceedings conducted pursuant to chapter 27–20, as assigned by the presiding district judge of the judicial district in which the county is located; provided, however, that any party is entitled to have any matter assigned pursuant to this subsection heard by a district judge if a written request therefor is filed with the presiding district judge within three days after receiving notice of the assignment, and, provided further, that the trial of a criminal matter may not be assigned to a county judge who presided at the preliminary hearing except where a preliminary hearing has been waived." [Emphasis added.]

Section 30.1–02–02, N.D.C.C., was amended in 1983 to provide for concurrent jurisdiction of county courts with district courts over trusts:

"*30.1–02–02. [U.P.C. 1–302] Subject matter jurisdiction.*

"1. The county court has jurisdiction over all subject matter relating to guardianship, probate, and testamentary matters, including:

"a. Estates of decedents, *including construction of wills and determination of heirs and successors of decedents.*

"b. Estates of protected persons.

"c. Protection of minors and incapacitated persons.

"d. Trusts, to the extent necessary for the exercise of the court's jurisdiction over probate and testamentary matters.

"2. *The district and county courts have concurrent subject matter jurisdiction over trusts*, except as provided

in subdivision d of subsection 1. The district court has jurisdiction of all causes at law and equity not inconsistent with the exclusive original jurisdiction over probate and testamentary matters vested by subsection 1 in the county seat." [Emphasis added.]

Counsel for appellee cites *Matter of Estate of Jones, supra* 288 N.W.2d at 760, for the proposition that the above-emphasized language in subsection (1)(a) of § 30.1–02–02 does not broaden the court's power to include equity jurisdiction. Our decision in *Jones*, however, which was rendered prior to the 1983 amendment of § 30.1–02–02, is no longer dispositive of the issue of equitable jurisdiction of the county courts.

■ The instant case presents the question of whether or not the county court has authority to exercise equitable jurisdiction insofar as the trust matter is concerned. Sections 27–07.1–17 and 30.1–02–02, N.D.C.C., provide the county court with jurisdiction over all trusts. *See also* § 30.1–33–04, N.D.C.C. Section 27–07.1–17(5) expressly confers county courts with jurisdiction over trusts, pursuant to Title 30.1 and Title 59, N.D.C.C.[2] Title 59, entitled "Trusts, Uses, and Powers", deals with express trusts as well as implied trusts. An implied trust may be either a constructive trust or a resulting trust. *McCarney v. Knudsen,* 342 N.W.2d 380, 385 (N.D.1983); *Van Sickle v. Olsen,* 92 N.W.2d 777, 782 (N.D.1958). We conclude that county courts have jurisdiction over all trust matters, including the authority to grant an equitable remedy as dictated by the circumstances of the trust matter at hand.

■ Appellee also raises the argument that the county court lacks jurisdiction over the instant case because it has no authority over contract matters. Appellee relies on *Matter of Estate of Jones, supra* 288

---

2. Legislative history shows that there was some hesitancy to grant county courts concurrent jurisdiction with district courts over *all* trusts. This attitude was reflected in the Interim Minutes of the Legislative Council's Judiciary "A" Committee meeting held August 22, 1980; and in the county courts bill which was adopted by the 1981 Legislative Assembly [H.B. No. 1060, Forty-seventh Legislative Assembly, S.L.1981, Ch. 319, § 18]. Finally, in 1983, the Legislative Assembly did provide the county courts concurrent jurisdiction with district courts over all trusts [H.B. No. 1056, Forty-eighth Legislative Assembly, S.L.1983, Ch. 352, §§ 1, 2, 6, and 8].

N.W.2d at 760. One of the county court's grounds for dismissing each of the claims of Kent and Jolene is:

> "2. That said claim ... is dependent upon an interpretation of a Property Settlement Agreement and Decree of Divorce as granted by the Burleigh County District Court ...;"

The circumstances of *Jones, supra,* are inapposite to this case. The *Jones* case presented the question of whether or not the county court or the district court on appeal had jurisdiction to set aside a contract agreement. In the instant case the county court has complete authority to determine the existence of a trust. An examination of the stipulation and divorce decree in this case is indispensable to a determination of whether or not a trust was created. Further, we reiterate that the decision in *Jones* was rendered prior to the 1983 Legislative amendments to the county court jurisdiction provisions of our Code. Therefore, cases which are brought before this court subsequent to 1983 will now be examined in light of those amendments.

■ We turn our attention to one final point, and that is the significance of the following statement made by the county court:

> "3. That notwithstanding such an interpretation, the evidence and testimony do not support the petitioner's position that his claim is based upon the existence of an express trust pursuant to *Section 59-01-04, North Dakota Century Code;*"

Appellee's assessment of the court's comment as dicta is entirely correct. It was unnecessary for the court to comment on the merits of the action once it had determined the jurisdictional issue as it did. *See First Federal Sav. and Loan Ass'n v. Scherle,* 356 N.W.2d 894, 897 (N.D.1984).

We conclude that the county court in the instant case erred in its determination that it has no jurisdiction over the trust issue. Accordingly, we reverse and remand the case to the county court for a determination of whether or not an express trust was created. Of course the county court has the power to award an equitable remedy, if appropriate under the circumstances.

## MOTION FOR THE AWARD OF COSTS

The appellee has presented a motion for the award of costs incurred in preparing a separate appendix. Appellee's counsel was not served with either 1) a designation of the parts of the record which appellant intended to include; or 2) a statement of the issues, pursuant to Rule 30(b) of the North Dakota Rules of Appellate Procedure.

■ Failure to comply with the Rules of Appellate Procedure may result in a dismissal of an appeal in the discretion of the court. *Matter of Estate of Raketti,* 340 N.W.2d 894, 897 (N.D.1983). However, this court is reluctant to impose such a harsh sanction. *Appeal of Dickinson Nursing Center,* 353 N.W.2d 754, 756 (N.D.1984). We are not hesitant, however, to assess costs against a noncomplying party.

■ Counsel for the appellant concedes that he made no attempt to designate the contents of the appendix to opposing counsel. Counsel urges us to examine the adequacy of the appendix, and argues that if the contents are adequate, his noncompliance with Rule 30(b), N.D.R.App.P., should not be sanctioned. We disagree.

While we ordinarily would award costs to the prevailing party on appeal, we will not award them to the appellant in the instant case because of counsel's noncompliance with Rule 30(b), N.D.R.App.P.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and MESCHKE, JJ., concur.