In the Matter of the ESTATE OF Eugene V. BINDER, Deceased.

Kent E. BINDER and Jolene Binder, Petitioners and Appellees,

v.

Joann BINDER, as Personal Representative, Respondent, Third-Party Petitioner, and Appellant,

v.

Gloria Binder ILSE, Third-Party Respondent and Appellee.

Civ. No. 11100.

Supreme Court of North Dakota.

May 13, 1986.

Richard B. Baer, of Baer & Asbridge, Bismarck, for petitioners and appellees, and third-party respondent and appellee.

J. Thomas Traynor, Jr., of Traynor, Rutten & Traynor, Devils Lake, for respondent, third-party petitioner, and appellant.

VANDE WALLE, Justice.

Joann Binder, as personal representative of the estate of Eugene V. Binder, appealed from the judgment and order acknowledging the existence of an express trust in favor of Kent E. and Jolene Binder. We affirm.

Kent and Jolene assert that they are beneficiaries of a trust created in 1977 by their father and mother, Eugene and Gloria Binder. Kent and Jolene's parents were divorced in 1977 after twenty-two years of marriage. Prior to the divorce, they entered into a written property settlement agreement which was incorporated into the terms of the divorce decree. The provision of the divorce decree that is the alleged basis for the existence of a trust is as follows:

"1. That the parties hold certain real property in joint tenancy which is described as follows:

'The South One-half (S½) of the Northwest Quarter (NW¼) of Section Seventeen (17), the Northeast Quarter (NE¼) of Section Twenty (20), all in Township One Hundred Thirty six (136), Range Eighty two (82), West of the Fifth Principal Meridian.'

"It is agreed that this property should remain in joint tenancy farmed by the defendant with a Power of Attorney executed by the plaintiff to enable him to encumber and farm said property. However, it is understood and agreed that the value of the property greatly exceeds the mortgage against it and that *said property shall be held in trust for the benefit of the children of the parties.*" [Emphasis added.]

Eugene transferred his interest in the parties' mobile home to Gloria in June of

1980. In August of that same year, Gloria conveyed her interest in the above-described farmland to Eugene by warranty deed. The property was then sold pursuant to a contract for deed dated April 1, 1981. Eugene subsequently remarried. Shortly before Eugene's death in 1984, he changed his will, leaving the greater portion of the estate, including the farmland, to his then current wife, Joann. After Eugene's death, Kent and Jolene filed claims against his estate claiming that they are the beneficiaries of a trust which Eugene and Gloria created by the divorce-settlement agreement. The personal representatives disallowed the claims and review was sought in county court.

This is the second time that this case has been before us. The county court initially determined that it had no subject-matter jurisdiction over the case, partly because it concluded that it lacked jurisdiction to adjudicate claims based upon principles of equity. We reversed on appeal, holding that the county court had jurisdiction over the trust issue, and remanded "for a determination of whether or not an express trust was created." *Binder v. Binder*, 366 N.W.2d 454, 458 (N.D.1985). On remand the lower court, consistent with a stipulation by the parties, reviewed the trial transcript and evidence submitted at the previous trial, and received additional depositions "in lieu of taking further testimony to resolve the legal issues herein." On the basis of this information the lower court concluded that an express trust had been created and ordered that the claims of Kent and Jolene Binder were to be "allowed in all things; ..."

The primary issue in this case is whether an express trust was created by the divorce settlement agreement quoted above. An owner may create a trust of his or her property for the benefit of a third person without change of possession and without consideration. *McGillivrey v. First Nat. Bank*, 56 N.D. 152, 217 N.W. 150 (1927). The words or acts of the person who allegedly created the trust must indicate, with reasonable certainty, the intention to create a trust as well as the subject, purpose, and beneficiary of the trust. N.D.C.C. § 59-01-04.

A trust must rest upon substantial proof tending affirmatively to establish an intention to create a trust. *McGillivrey, supra*. An express trust in real property must be created or declared by written instrument and cannot be created by parol. *Johnson v. Weldy*, 79 N.D. 80, 54 N.W.2d 829 (1952); N.D.C.C. § 59-03-03.

Whether a trust has been created is a question of intention and therefore a question of fact. *McGillivrey, supra; Reel v. Hansboro*, 52 N.D. 182, 201 N.W. 861 (1924). The burden of establishing a trust is upon the person asserting its existence. *McWilliams v. Britton*, 48 N.D. 975, 188 N.W. 44 (1922). Unless the donor reserves a power of revocation at the time of creation of the trust, the trust is irrevocable. *Reel, supra; Adams v. Hagerott*, 34 F.2d 899 (8th Cir.1929). A valid trust makes a present and unequivocal disposition of the property and acts to divest the creator of the trust of ownership of that property. *Johnson, supra*. Thus, where an irrevocable trust has been created, a trustee is bound by the trust instrument and has no power to agree to a termination of the trust prior to the time provided for its dissolution by the trust instrument itself.

As discussed above, Eugene and Gloria had the power to create a trust of their property for the benefit of their children without change of possession and without consideration. The lower court, by findings of fact and conclusions of law that are concise, accurate, and complete, determined that an express trust had been created by the settlement agreement. The lower court determined that there was substantial proof establishing an intention to

create the trust and concluded that the settlement agreement indicates, with reasonable certainty, the intention to create the trust as well as indicating, with reasonable certainty, the subject, purpose, and beneficiaries of the trust. "Insofar as the establishment of a trust is a question of fact rather than a question of law, we are bound by Rule 52(a), N.D.R.Civ.P., which provides that findings of fact shall not be set aside unless clearly erroneous." *Baukol-Noonan, Inc. v. Bargmann,* 283 N.W.2d 158, 166 (N.D.1979). Thus Rule 52 applies to the lower court's finding of an intention to create a trust, while the interpretation of the settlement agreement is a question of law entirely reviewable on appeal. See, e.g., *Baukol-Noonan, supra; Miller v. Schwartz,* 354 N.W.2d 685 (N.D. 1984).

Joann argues that "[t]he alleged trustors, Eugene and Gloria, have failed to indicate with reasonable certainty their intention to create a trust." In relation to the interpretation of express trusts, "reasonable certainty" means that the external manifestation which serves as the basis of the trust is sufficiently clear to indicate, by a reasonable construction in light of all of the facts surrounding the external manifestation, the necessary elements of the trust. The external manifestation must also permit reasonable inferences as to the specifics necessary to implement and administer the trust. See, e.g., Restatement (Second) of Trusts §§ 23, 65B, 76, 112, 123, 129, 364, 375; *Reagh v. Kelly,* 10 Cal.App.3d 1082, 89 Cal.Rptr. 425 (1970); see also *Larson v. Russell,* 45 N.D. 33, 176 N.W. 998 (1919) ["reasonable certainty" in relation to determination of future damages does not mean absolute certainty]. See generally G. Bogert, *The Law of Trusts and Trustees* §§ 45, 46, 111, 113, 161 (rev. 2d ed. 1984); 89 C.J.S. *Trusts* § 45 (1955 & Supp.1985);

76 Am.Jur.2d *Trusts* §§ 38–40 (1975 & Supp.1985); 60 Cal.Jur.3d *Trusts* § 20 (1980).

We have carefully reviewed the record concerning the circumstances surrounding the alleged creation of the trust. The relevant language contained in the divorce settlement agreement, Gloria's testimony as to that document, and the evidence regarding Eugene's conduct subsequent to the signing of the agreement (as it is indicative of his intent at the time he executed the settlement agreement) are of special import. The evidence is sufficient to support the trial court's finding that Eugene and Gloria intended by the divorce settlement agreement to create a trust on behalf of their children.[1] See *Gerhardt v. Fleck,* 256 N.W.2d 547 (N.D.1977). Moreover, our review of the entire evidence does not leave us with a definite and firm conviction that a mistake has been made. See *Byron v. Gerring Industries, Inc.,* 328 N.W.2d 819 (N.D.1982). Nor do we find any merit in the contention that the lower court's findings were induced by an erroneous view of the law. See *Bergquist v. Speldrich,* 351 N.W.2d 448 (N.D.1984).

■ We do not reach the issue of whether Gloria served as a co-trustee. The parties stipulated to the entry of final judgment on this issue—as well as on the issue of reimbursement to the estate for Eugene's services which he rendered as trustee—despite the lack of resolution of the matter by the lower court. Entry of final judgment under Rule 54(b), N.D.R.Civ.P., must be limited to those issues actually resolved by the lower court. See, e.g., 21 Fed.Proc., L.Ed. § 51:62 (1984); 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2656 at 50 (1983). But entry of final judgment pursuant to a stipulation of the parties is another mat-

---

1. Our disposition of this action makes it unnecessary to address the alleged existence of an implied trust. Were we to conclude, which we do not, that an express trust was not created by the settlement agreement, it appears obvious that the trial court would have found the clear and convincing evidence necessary to establish the existence of an implied trust.

ter.[2] Because we are not in a position to alter the judgment, it is up to the parties, should they desire an amendment of the judgment, to take whatever action is appropriate.

The judgment therefore is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

**2.** It appears that the entry of judgment on all issues—the issue of an express trust as well as the two issues not resolved below—may have been merely for the purpose of obtaining Rule 54(b) entry of final judgment so that the issue of the express trust might be appealed and that it was not meant to be a settlement of the issues, although the stipulation could be so construed.