**In re Errol Zane PAULSON, Debtor.**

**Meyer TRUST, Plaintiff,**

v.

**Errol Zane PAULSON and Phillip D. Armstrong, Trustee, Defendants.**

**Bankruptcy No. 91–05596.**
**Adv. No. 91–7085.**

United States Bankruptcy Court,
D. North Dakota.

May 27, 1992.

Gary D. Ramsey, Dickinson, ND, for Errol Paulson.

Kenneth J. Horner, Jr., Bismarck, ND, for Mayer Trust.

Phillip D. Armstrong, trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is a motion for summary judgment filed by the defendant, Phillip D. Armstrong, Chapter 7 trustee of the estate of Errol Zane Paulson, on May 4, 1992, seeking a judgment for dismissal of the case. The plaintiff, Meyer Trust, the alleged constructive trust for Ivan Meyer (Ivan), opposes the motion.

The complaint to this adversary proceeding was filed on October 11, 1992, wherein Meyer Trust alleges that a constructive trust is somehow created by Ivan's execution and satisfaction of an agreement to guarantee the loan made by Western Savings Credit Union (Bank) to the Debtor, Errol Zane Paulson (Paulson). In the alternative, Meyer Trust contends that because Ivan, as the guarantor on the loan, satisfied Paulson's debt obligation to the Bank, it supplants the Bank's prior position as the secured creditor.

In his motion for summary judgment, the trustee contends that no trust exists, and that even if one did exist, it is avoidable pursuant to the strong arm provision found in 11 U.S.C. § 544(a)(3).

Summary judgment is available where the pleadings and other documents on file show there to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Froholm v. Cox*, 934 F.2d 959 (8th Cir.1991). When considering motions for summary judgment the weight of authority is that summary judgment may be rendered in a light most favorable to the party opposing the motion. *Simmons v. Diamond Shamrock Corp.*, 844 F.2d 517 (8th Cir.1988). The facts and issues as they presently appear will be considered with these statements in mind.

*Findings of Fact*

To procure certain real estate property located in Stark County, North Dakota, Paulson executed a mortgage and a note on October 18, 1984, to the Bank with Ivan guaranteeing the loan. The description of said property is as follows:

Lots Seventeen (17) and Eighteen (18) in Block Five (5), of the Replat of Lots 5–11, Block 1 and all of Block 5 of Country Oakes Estates Second Addition to the City of Dickinson, Stark County, North Dakota.

Monthly installment payments were set at $1,250.00. An agreement, although not in writing, was reached between Paulson and Ivan wherein Paulson would make monthly payments of $900.00 to the Bank and Ivan would pay the remaining balance of $350.00. According to Paulson, Ivan made the $350.00 payment to the Bank because he owned some sort of interest in the property. It was also Paulson's understanding that the reason Ivan paid off the debt was because he had other loan obligations at the Bank, which was then in financial difficulty, and that to establish that it had equity, the Bank offered some of its clients write-downs on their loans for payment.

In March 1986, after Paulson failed to make his payments pursuant to the mortgage, Ivan was called by the Bank to pay off the remaining debt obligation of $90,000.00, which Ivan honored. Thereafter, several requests were made upon Paulson to transfer the deed of the said property over to Ivan. This request, however, was never granted. After the debt was paid off, Paulson made several payments of $700.00 to Ivan because he personally believed he owed Ivan some money on the property.

Meyer Trust contends that whatever property interests Ivan may have had was conveyed to it on July 21, 1990, as a result of Ivan paying off the loan. This contention by Meyer Trust is contrary to the statements set forth in the affidavit of David J. Ridl, an attorney specializing in the area of real estate law, who, after examining several recording offices, concludes that from the period of October 18, 1983, through April 23, 1992, the above described property was vested solely in Paulson. Upon further inquiry into the records in the county court and district court for Stark County, Mr. Ridl determined that no trust documents or trust registrations, captioned as the "Meyer Trust" the "Ivan Meyer Trust," or the "Irrevocable Living Trust of Ivan Meyer and Patricia Meyer, Trustors for the benefit of James Ivan Meyer," have been filed with the state courts. Furthermore, the said trust did not appear on the record in the Register of Deeds office as having an interest with respect to the property in question.

*Conclusions of Law*

1.

In its motion, the trustee asserts that no basis exists for Meyer Trust's claim that a trust should be imposed in its favor. In response to the trustee's motion, Meyer Trust argues that the existence of a trust does not depend upon the registration of a trust, and a trust remains in effect even if not registered. Meyer Trust, however, misses the boat in that the court can only address the registration question if it finds that a trust does in fact exist. The court is somewhat confused by Meyer Trust's reliance on section 59–01–04 of the North Dakota Century Code, the express trust statute, since an express trust requires that there be an external manifestation of a trust, *Binder v. Binder,* 386 N.W.2d 910 (N.D.1986), whereas a constructive trust is generally imposed by the court to prevent unjust enrichment. *Loberg v. Alford,* 372 N.W.2d 912 (N.D.1985). It appears that the more appropriate section governing the allegation of a constructive trust is found in sections 59–01–05 and 59–01–06, the implied trust provisions. In any event, the court proceeds to address the express trust issue as well as the constructive trust issue.

An express trust is "an obligation arising out of personal confidence reposed in and voluntarily accepted by one for the benefit of another." N.D.Cent.Code § 59–

01–02. Said trust is created by any words or acts of the trustor indicating with reasonable certainty of his intention to create a trust along with an affirmation by the trustee indicating with reasonable certainty of his acceptance or acknowledgement of the trust; the words or acts must also convey the subject, purpose and beneficiary of the trust. N.D.Cent.Code § 59–01–04. Reasonable certainty has been defined as an external manifestation which serves as the basis of the trust sufficiently clear to indicate, by a reasonable construction in light of all the facts surrounding the external manifestation, the necessary elements of the trust. *Binder, supra.* In the instant case, there is absolutely no indication by Ivan, in words or acts, that a trust was to be created, nor is there any indication that Paulson accepted the trust. The only agreement made between the parties was that in the event that payments were not made by Paulson to the Bank, Ivan was to guarantee the loan; there is no other facts to suggest more than this was intended. The court does not believe Ivan's willingness to guarantee a loan, without more, is sufficient to establish that an express trust was created.

■ Meyer Trust also relies on the case of *Reliance Ins. Co. v. Brown,* 40 B.R. 214 (D.Mo.1984), in support of its contention that a trust should be constructively imposed on the funds Ivan Meyer paid to the Bank in the capacity of the guarantor of the notes. In *Reliance,* the court imposed a constructive trust on funds received by the trustee which had been derived by the Debtor's fraudulent insurance scheme. This imposition was made to prevent unjust enrichment as a result of the wrongdoing. In the instant case, however, there is no indicia of fraud or deception committed by Paulson. When Ivan entered into the agreement to be the guarantor on the loan, he must have contemplated that in the event that Paulson fails to fulfill his debt responsibilities he would have to step in to realize the remaining obligations. The facts simply fail to establish that Paulson deceived Ivan in guaranteeing the loan in any manner or that Paulson would be unjustly enriched, and accordingly, a constructive trust cannot be imposed as the court did in *Reliance.*

2.

■ Even assuming this court finds that a constructive trust exists, the Chapter 7 trustee may nevertheless exercise his "strong arm" powers as provided in 11 U.S.C. § 544. Section 544(a)(3) specifically allows the trustee to avoid interest which would be avoidable by a bona fide purchaser at the commencement of the bankruptcy filing irrespective of whether such a purchaser exists and without regard to any knowledge of the trustee.

■ Meyer Trust cites to *In re General Coffee Corp.,* 828 F.2d 699 (11th Cir.1987), for the proposition that because a constructive trust is not part of the estate within the parameters of section 541(d) of the Bankruptcy Code, the trustee may not avoid the trust since it does not belong in the estate. However, what Meyer Trust fails to mention is that this is not the only approach taken by courts. In fact, in *General Coffee,* the court stated that "[a] majority of courts have rejected [the above mentioned] approach. They have held that sections 541(d) and 544(a) operate independently. Thus property not part of the estate under section 541(d) may come into the estate under section 544(a)." *Id.* at 705. Accordingly, even if a constructive trust may not be deemed a part of the estate under section 541(d), it may nevertheless be brought into the estate through section 544(a). The *General Coffee* court also noted in dicta that section 544(a) allows the "bankruptcy trustee to bring the constructive trust property into the estate through his strong-arm powers as a hypothetical bona fide purchaser because a constructive trust beneficiary's interest in real property is, by definition, an unrecorded interest, which is inferior to the interest of a bona fide purchaser of the real property." *Id.* at 704–05. *See also, In re Eads,* 69 B.R. 730, 735 (9th Cir.1986); *In re Cascade Oil Co.,* 65 B.R. 35, 42 (Bankr.D.Kan.1986); *In re Great Plains Western Ranch Co.,* 38 B.R. 899, 906 (Bankr.C.D.Cal.1984).

■ Hence, the trustee as a bona fide purchaser, may without any actual or constructive notice of the alleged constructive trust may take priority over that interest, should a trust in fact exist. *See In re Seaway Exp. Corp.*, 912 F.2d 1125 (9th Cir.1990) (If the trustee had no actual or constructive notice of the creditor's constructive trust, he will take free of that interest.); *Belisle v. Plunkett*, 877 F.2d 512 (7th Cir.1989). (A constructive trust could be brought into the Debtor's bankruptcy estate and therefore be subject to the trustee's strong arm powers.); *General Coffee, supra*, (Section 544(a) causes the constructive trust property be brought in as part of the estate, and therefore subject to the strong-arm provision.); *In re Invest, Sales Diversified, Inc.*, 49 B.R. 837 (Bankr. D.Minn.1985) (A trustee charged with constructive notice of such prior interest may not rely on his bona fide purchaser status to avoid those interests.)

■ Sections 47–10–36 of the North Dakota Century Code governs the voidability of unrecorded instruments. The relevant parts of said section provides that: "[e]very conveyance of real estate not recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration." An individual cannot be treated as a purchaser in good faith if he has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact, and who omits to make such an inquiry with reasonable diligence, and is deemed to have constructive notice of the fact itself. *Earth Bldrs., Inc. v. State ex rel. State Hwy. Dep't.*, 325 N.W.2d 258 (N.D.1982); N.D.Cent.Code § 1–01–25.

■ In the present case, Meyer Trust believes that the trustee had constructive notice of the claim of its constructive trust based on the fact that prior to Ivan satisfying the debt, Paulson made $900.00 payments for principal and interest to the Bank and, after the debt was satisfied, Paulson only made $700.00 payments to Ivan, the alleged rental value of the premise. Even if the $700.00 payments are considered rent, the trustee still lacks the requisite constructive notice of Meyer Trust's claim. The face of the checks merely establish that Paulson made payments to Ivan in the amount of $700.00 each; there is no indication that it was for the rental of the property. The payments were made only because Paulson felt personally obligated to pay Ivan some money on the property and nothing more. A bona fide purchaser would not be put on guard to inquire further concerning the origination of those checks.

Furthermore, there were no records to show that Meyer Trust recorded his alleged interest in the property, thereby alerting the trustee to further inquire as to the ownership of the property. After searching through the real estate records, it was revealed that the real property was placed in Paulson's name. A further search indicated that Meyer Trust has no interest in the said property on record. In fact, Paulson was in possession of the property during the commencement of the bankruptcy filing. Therefore, the trustee had absolutely no possibility of acquiring constructive notice of Meyer Trust's alleged interest, and accordingly may avoid Meyer Trust's claim pursuant to section 544's strong arm powers.

Accordingly, for the reasons stated, IT IS ORDERED that summary judgment should be entered in favor of the defendant, Phillip D. Armstrong, trustee of the estate of Errol Zane Paulson, dismissing all counts of the complaint filed by Meyer Trust.

JUDGMENT MAY BE ENTERED ACCORDINGLY.