Mary L. SKOGLUND, Plaintiff
and Appellee,

v.

Raymond A. SKOGLUND, Defendant
and Appellant.

Civ. No. 10342.

Supreme Court of North Dakota.

May 12, 1983.

Kelsch, Kelsch, Bennett, Ruff & Austin, Mandan, for plaintiff and appellee; argued by Timothy J. Austin, Mandan.

Vogel Law Firm, Mandan, for defendant and appellant; argued by Rauleigh D. Robinson, Mandan.

PEDERSON, Justice.

Raymond Skoglund and Mary Skoglund were divorced by a judgment entered in April 1981. Pursuant to stipulation, Mary was awarded custody of the parties' three minor children and Raymond was to contribute $250 per month for child support until such time as a trust fund for the benefit of the children could be established out of the proceeds from the sale of the parties' property. To date, because considerable property remains unsold, no trust fund has been established. In August 1982, Mary filed a motion to amend the divorce judgment to provide for increased child support. The district court granted Mary's

motion and ordered that the original divorce decree be amended to provide for child support payments in the amount of $350 per month. Raymond has appealed from the amended judgment, alleging that the district court's determination to increase the amount of child support is clearly erroneous. We reverse and remand the case for preparation of findings of fact and conclusions of law.

 Courts invested with the power to grant divorces and award child support money have the power to change or modify the amount to be paid or the method by which it is paid whenever the circumstances of the parties have materially changed. *Nygord v. Dietz,* 332 N.W.2d 708 (N.D. 1983); *Corbin v. Corbin,* 288 N.W.2d 61 (N.D.1980). Even though the judgment providing for child support payments is based on an agreement between the parties, the court may modify the initial decree upon the proper showing of changed circumstances. *Gasser v. Gasser,* 291 N.W.2d 272 (N.D.1980); *Bryant v. Bryant,* 102 N.W.2d 800 (N.D.1960). The change in circumstances with reference to a modification of child support payments is one based primarily on a change in financial circumstances. *Corbin v. Corbin, supra; Bridgeford v. Bridgeford,* 281 N.W.2d 583 (N.D. 1979). When changed circumstances are based on a change in financial circumstances, the needs of the supporting spouse and his or her ability to pay, as well as the needs of children and the dependent spouse, must be taken into account in determining the amount of child support to be paid. *Corbin v. Corbin, supra.* The court must attempt to strike a balance between the needs of the children and the ability of the supporting parent to pay. *State of Minnesota, County of Clay v. Doty,* 326 N.W.2d 74 (N.D.1982). However, the ability to pay support is not necessarily determined solely on the basis of income earned. A party's net worth, including the extent of his physical assets and his earning ability as demonstrated by past income, must be taken into consideration. *Schnell v. Schnell,* 252 N.W.2d 14 (N.D.1977).

 No findings of fact nor conclusions of law have been prepared setting forth the grounds for the court's decision to amend the divorce judgment. We have held that Rule 52(a), NDRCivP, is applicable to motions to modify divorce decrees. *Corbin v. Corbin, supra; Becker v. Becker,* 262 N.W.2d 478 (N.D.1978). A fact-finding process is necessary before it can be determined that a material change in circumstances has occurred. *Corbin v. Corbin, supra; Becker v. Becker, supra; Voskuil v. Voskuil,* 256 N.W.2d 526, 530 (N.D.1977). When a motion necessitates the resolution of conflicting evidence, the proceeding is "an action tried upon the facts," making Rule 52(a), NDRCivP, applicable. *Clement v. Clement,* 325 N.W.2d 262 (N.D.1982). See also *Voth v. Voth,* 305 N.W.2d 656, 658 (N.D.1981), and the cases cited therein.

 Although in the interest of judicial economy we have "affirmed judgments based upon mislabeled findings (*Jahner v. Jacob,* 233 N.W.2d 791, 798 (N.D.1975)), and have said that a transcribed oral opinion may be the source of findings (*Soby Const., Inc. v. Skjonsby Truck Line,* 275 N.W.2d 336, 341 (N.D.1979)); and, of course, the rule itself says that 'it will be sufficient' if the findings of fact appear in an opinion or memorandum of decision that is filed," we have never sanctioned avoidance of the requirements of Rule 52(a), NDRCivP. *Clement v. Clement, supra,* 325 N.W.2d at 263. In the instant case no memorandum decision was filed, no oral opinion was given, and no mislabeled findings appear in the record. Because Rule 52(a) was not complied with, it is impossible for us to determine whether or not the district court's determination to increase the amount of child support is clearly erroneous.

In *In the Interest of D.R.J.,* 317 N.W.2d 391 (N.D.1982), we remanded pursuant to authorization of Rule 35(b), NDRAppP, which provides that this court may remand without relinquishing jurisdiction of the appeal. In this case we believe that it is not necessary that we retain jurisdiction of the appeal.

Reversed and remanded.

ERICKSTAD, C.J., and VANDE WALLE, SAND and PAULSON, J., concur.