Vincent A. GABEL, Jr., Plaintiff
and Appellant,

v.

Kathy A. GABEL, Defendant
and Appellee.

Civ. No. 880219.

Supreme Court of North Dakota.

Jan. 9, 1989.

Edward J. Bosch (argued), Minot, for
plaintiff and appellant.

Nelson & Hickman, Williston, for defendant and appellee; argued by David W. Nelson.

ERICKSTAD, Chief Justice.

Vincent Gabel made a motion in district court requesting termination or reduction of his child support obligations. The district court ordered dismissal of the motion. Vincent has appealed from that order. We affirm.

Vincent and Kathy Gabel were married on July 18, 1975. Two children were born as the result of the marriage, Trisha, born June 27, 1973 and Vincent III, born January 13, 1977. Vincent subsequently filed for divorce, which was granted on June 18, 1985. Kathy was awarded custody and Vincent was ordered to pay $100 per month in child support for each of the two children. At the time of the divorce, Vincent was working part-time, with a monthly income of approximately $1,100. He was also apparently receiving $1,200 per month in worker's compensation payments.

Vincent has been unemployed since mid-March of 1988 and his worker's compensation benefits have expired. He has remarried and is presently living with his second wife's parents. On March 14, 1988, by order of the district court, Vincent's child support obligations were modified, allowing him to make payments of $100 per month, with $100 accruing as an arrearage.

On June 1, 1988, Vincent filed a motion in district court to modify the divorce judgment, requesting:

"1. That the child support be reduced in accord with the Plaintiff's income, and eliminated until Plaintiff is employed.

"2. For such other relief as is fit and proper."

A hearing was held on June 13, 1988. On July 6, 1988, the district court issued an order dismissing the motion. Vincent has appealed, claiming that there was a substantial change of circumstances which warrants a reduction or termination of child support obligations and that it was error to dismiss his case.

A trial court's determinations on child custody, child support, spousal support, and property division are treated as findings of fact, which will not be set aside on appeal unless they are clearly erroneous. *Branson v. Branson,* 411 N.W.2d 395, 396 (N.D.1987), citing *Lapp v. Lapp,* 293 N.W.2d 121 (N.D.1980). Findings of fact are presumptively correct. *Alumni Ass'n of University v. Hart Agency, Inc.,* 283 N.W.2d 119 (N.D.1979). The complaining party bears the burden of demonstrating that the findings are erroneous, and a finding is clearly erroneous only when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Rule 52(a), N.D. R.Civ.P.; *Byron v. Gerring Industries, Inc.,* 328 N.W.2d 819 (N.D.1982). Simply because we might have viewed the evidence differently does not entitle us to reverse the trial court. *Jochim v. Jochim,* 306 N.W.2d 196 (N.D.1981).

It is well established in North Dakota that courts invested with the power to grant divorces and award child-support money have the power to change or modify the amount to be paid or the method by which it is paid whenever it is shown that the circumstances of the parties have materially changed. *Burrell v. Burrell,* 359 N.W.2d 381, 383 (N.D.1985), citing *Skoglund v. Skoglund,* 333 N.W.2d 795 (N.D. 1983); *Nygord v. Dietz,* 332 N.W.2d 708 (N.D.1983); *Corbin v. Corbin,* 288 N.W.2d 61 (N.D.1980). A significant factor in proceedings to modify child support payments is evidence of a change in the financial circumstances of either party to the divorce. *Burrell, supra; Schmidt v. Schmidt,* 432 N.W.2d 860 (N.D.1988). However, a change in financial circumstances by itself is not sufficient to modify child support without further inquiry about the cause of the change, including whether the change was permanent or temporary and whether it was due to a voluntary act or neglect on the part of the obligor. *Bloom v. Fyllesvold,* 420 N.W.2d 327, 331 (N.D.1988).

The trial court, in considering what amount of child support must be paid

should focus on how the changed circumstances affect the financial needs of the supporting spouse and his or her ability to pay, as well as on the needs of the child and the dependent spouse. The court must attempt to balance the needs of the child with the supporting parent's ability to pay. We have said that the ability to pay support is not necessarily determined solely on the basis of income earned. The court must consider a party's net worth, including the extent of his physical assets and his earning ability as demonstrated by his past income. *Burrell, supra* at 383; *Skoglund, supra* at 796; *Corbin, supra* at 66.

In *Burrell*, the divorce judgment provided that Steven was to pay $550 per month in child support, $200 per month as property settlement payments, and maintain life and health insurance on the two minor children. At the time of the divorce, Steven was employed as a pipe fitter, with an annual income of $40,000. Soon after the divorce, Steven was laid off from his job due to lack of work. He filed a motion for modification of the required payments under the divorce decree, claiming that his monthly income consisting of $688 in unemployment benefits was insufficient to meet the payments required by the divorce decree. The trial court denied Steven's motion. On appeal, this Court found that the reduction in income was arguably temporary at the time of the hearing. We were not left with a definite and firm conviction that the trial court had made a mistake and affirmed the order denying the motion for modification.

Vincent argues that his situation is similar to that in *Cook v. Cook*, 364 N.W.2d 74 (N.D.1985), where child support for two children was reduced from $400 per month to $200 per month due to a material change in the financial circumstances of the supporting parent. In *Cook*, however, the district court granted the motion for modification and we upheld that decision as we were not left with a definite and firm conviction that a mistake had been made. Vincent asks us here to reverse the decision of the district court, a request we will not grant unless we find the actions of the lower court to be clearly erroneous.

 At the modification hearing on June 13, 1988, Vincent acknowledged that, although he was currently unemployed, he had been able to find work in the past. It is reasonable to assume that the trial court concluded Vincent's unemployment was temporary. Vincent further testified that although the mortgage on his house was being foreclosed by the bank, he did have some other assets.[1] Inasmuch as the record indicates that Vincent does have some assets that do not appear to be necessities, and so may be utilized in order to pay his child support obligations for the present time, we do not find the district court's dismissal of his motion for modification to be clearly erroneous.[2] Vincent is, of course, not precluded from bringing another motion in the future to modify his child support obligations if he can show a material change in circumstances.

For the reasons stated above, we affirm the order of the district court with statutory costs on appeal to Kathy.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

1. The assets include a 1966 Airstream 28-foot camper, on which Vincent set a sale price of $3,000; a 1974 Volkswagen; a 1983 Econoline Ford pickup worth approximately $5,000 with a $3,500 lien, on which Vincent is making payments in excess of $300 per month; a 1975 van; an 1100 cc Suzuki motorcycle with a side car, on which Vincent has spent $10,500; and four guns which he values at approximately $250 apiece.

2. Vincent also asks whether or not a court can dismiss a case because it feels counsel for such person was disrespectful. Our view of the transcript of the proceedings reveals that towards the end of the hearing Vincent's counsel rather strongly requested the court to terminate all child support. The court did not agree that support should be terminated completely and denied the motion. In a possible future application for modification, the court should keep in mind that its powers are not limited to granting or denying the specific requests of moving parties. It may use its discretion to fashion remedies which may better accommodate the interests of all concerned.