Lucille WEIGEL, formerly known as Lucille Kraft, Plaintiff and Appellee,

v.

Leo J. KRAFT, Defendant and Appellant.

Civ. No. 890181.

Supreme Court of North Dakota.

Dec. 20, 1989.

Rauleigh D. Robinson, Bismarck, for defendant and appellant. Submitted on brief.

LaRoy Baird III, Bismarck, for plaintiff and appellee. Submitted on brief.

GIERKE, Justice.

This is an appeal by Leo Kraft (Leo) from a district court amended judgment which granted Lucille Weigel (Lucille), Leo's former wife, a money judgment in the amount of $10,500 and which ordered Lucille to pay child support of $25 per month for each of their two children. We affirm.

Lucille and Leo were divorced on February 21, 1986. Although the district court awarded custody of their two children to Leo, Lucille was granted interim custody of the children until May of 1986, the end of the children's current school term. During the interim custody period, Leo was ordered to pay $300 of child support monthly to Lucille. After the transfer of the children's custody from Lucille to Leo on June 1, 1986, Leo was ordered to pay Lucille $300 monthly for spousal support for a period of 36 months.

In June of 1986, Leo filed a motion with the district court requesting that Lucille be ordered to pay child support. On August 1, 1986, the district court denied his request stating that Lucille was unable to pay child support and, in fact, was in need of spousal support herself. Thereafter, Leo moved the district court to discontinue his spousal support obligation due to his dire financial circumstances. In a memorandum opinion dated September 15, 1986, the district court found that Leo did not at that time have the ability to make his spousal support payments. Consequently, the court held that Leo's spousal support obligation would cease "pending further order of the court." However, the district court ordered Leo to provide Lucille's attorney with a detailed record of his monthly income and expenses with any expenditures over $20.00 to be recorded by date, amount, payee, and nature of expenditure.

Thereafter, Lucille filed a motion for spousal support and payment of attorney's fees. On November 6, 1986, the district court granted Lucille's request for a $800 money judgment representing legal fees that were allowed in the original judgment. Although the district court denied her request for reinstatement of spousal support stating that her motion was "unintelligible", the court stated that Lucille could reduce to a money judgment any support

payments that were overdue at that time.[1]

On April 12, 1989, Leo filed a motion to amend judgment requesting that Lucille be ordered to pay child support of $125 per month per child until each child reached the age of 18 or, in the event the child is still enrolled in educational pursuits after high school, until the child reaches the age of 22. Lucille resisted Leo's motion requesting that she be ordered to pay child support and, by cross-motion, Lucille moved the district court to award her a money judgment for unpaid spousal support initially imposed by the original judgment.

The district court's memorandum opinion and order dated May 5, 1989, found that Leo failed to provide a detailed listing of his income and expenses as required by the court's September 15, 1986 cessation of spousal support payments order. The court held that the language used in the September 15, 1986 order that stated that Leo's support obligation would cease "pending further order of the court" only temporarily suspended Leo's support obligation and did not excuse him from the payment of his underlying support obligation of $10,500 [2] which was imposed in the original judgment for purposes of rehabilitative support. Thus, the court authorized Lucille to reduce to a money judgment a lump sum of $10,500 representing Leo's spousal support obligation for the 35-month period. Additionally, Lucille was ordered to pay child support of $25 per month per child to Leo. However, Lucille was authorized to apply her child support payments to her student loan for a period of 48 months and to execute a satisfaction of judgment in the amount of $600 per year.

Leo raises three issues on appeal. Initially, Leo alleges that the court's September 15, 1986 order terminated his spousal support obligation. Therefore, he contends that the district court was clearly erroneous in granting to Lucille a money judgment against him in the amount of $10,500 representing spousal support for 35 months. Secondly, Leo argues that his rehabilitative spousal support obligation should be terminated due to Lucille's completion of her educational pursuits. Finally, Leo contends that the district court erred in only requiring Lucille to pay child support in the amount of $25 per month per child until the children reach 18 years of age.

A trial court's determinations on spousal support, child support, and property divisions are treated as findings of fact which will not be set aside on appeal unless the findings are clearly erroneous. *Gabel v. Gabel*, 434 N.W.2d 722, 723 (N.D.1989). Findings of fact are presumptively correct. *Dakota Bank & Trust v. Federal Land Bank*, 437 N.W.2d 841, 844 (N.D.1989). The complaining party bears the burden of demonstrating that the findings are clearly erroneous, and a finding is clearly erroneous only when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Rule 52(a), N.D.R.Civ.P.; *Gabel, supra*, 434 N.W.2d at 723. Simply because we might have viewed the evidence differently does not entitle us to reverse the trial court. *Dick v. Dick*, 414 N.W.2d 288, 290 (N.D.1987).

In the instant case, Leo initially contends that the district court in its September 15, 1986 memorandum opinion terminated his spousal support obligation. It appears quite clear to us that the district court's language which stated that Leo's support obligation "will cease pending fur-

---

1. We are confused by that portion of the district court's order of November 6, 1986, which allowed Lucille to reduce to a money judgment any support payments that were overdue at that time. In light of the fact that the district court seemed to temporarily suspend Leo's support obligation in its September 15, 1986 memorandum opinion, it appears that there could not have been any overdue support payments due to Lucille on November 6, 1986, since Leo's support obligation had not been reinstated by the court by November 6, 1986.

2. Leo's support obligation of $10,500 entails 35 monthly payments of $300. Although the original judgment obligated Leo to pay support for three years, or 36 months, he made his first support payment in June of 1986. Hence, he was only obligated for the remaining 35 months.

ther order of the court" indicates that the district court was merely temporarily suspending Leo's support obligation rather than completely terminating his support obligation.

Secondly, Leo argues that his $10,800 support obligation was for rehabilitative alimony. He maintains that Lucille "rehabilitated" her career by attending a one-year business school in Colorado Springs, Colorado. Since Lucille incurred debt of $2,419 to attend the business school, Leo argues that as a matter of equity he should not be obligated to pay more than $2,419, the amount Lucille needed to rehabilitate herself. Lucille responds that she struggled for three years without any support payments from Leo when she was in the process of rehabilitating her career through educational pursuits.

 Rehabilitative spousal support is awarded to provide an opportunity for a disadvantaged spouse to seek education, training, or experience that will enable the spouse to become self supporting. *Rustand v. Rustand*, 379 N.W.2d 806, 807 (N.D.1986). In theory, rehabilitative spousal support allows the disadvantaged party time and resources to acquire an education or work skills. *Routledge v. Routledge*, 377 N.W.2d 542, 545 (N.D.1985). There are two appropriate grounds for modifying or terminating rehabilitative spousal support. The first of these grounds is an abandonment by the disadvantaged spouse of a good faith effort to become economically rehabilitated. *Rustand, supra,* 379 N.W.2d at 807. In this case, it seems clear that Lucille did not abandon efforts to rehabilitate herself due to the fact that from February 1986 through September 1987, she successfully completed a one-year curriculum at Adelphi Business College in Colorado Springs, Colorado. The second ground for modification or termination of the rehabilitative spousal obligation is the accomplishment of the rehabilitative goal. *Rustand, supra,* 379 N.W.2d at 807.

 Although Lucille completed the one-year business program, she may find it necessary in the future to pursue additional education in order to become economically rehabilitated. Lucille's affidavit states that after completion of the business program, she became self-employed as a painter and wallpaperer. She stated that in 1988 she had a net income of $5166.68 and that she anticipated to be deriving approximately $400.00 per month of net income from her business. The goal in awarding rehabilitative alimony is to enable the disadvantaged spouse to become self-supporting. In light of her financial circumstances, we believe that Lucille may not have completely attained this goal. At her own initiative, Lucille went ahead and attended college without the assistance of any support payments from Leo. We find Leo's argument that he should only be required to assist Lucille repay her $2,419 student loan unpersuasive. As we have mentioned, Lucille may not be fully self-supporting and may need further education to become so. Further, Lucille, if considered rehabilitated, should not be penalized because she obtained her education very inexpensively. We can assume that if Lucille's rehabilitative expenses would have exceeded $10,800, Leo would not have advanced this type of argument. While we are sympathetic with the financial circumstances of both Leo and Lucille, we believe the district court was mindful in its support determination that "an award of spousal support must be considered in light of the supporting spouse's needs and ability to pay support." *Branson v. Branson,* 411 N.W.2d 395, 398 (N.D. 1987).

 In light of the foregoing discussion, we are not left with a firm and definite conviction that the district court made a mistake in awarding Lucille $10,800 for spousal support. Further, we believe the district court acted within its discretion when it ordered Leo to pay a lump sum amount of $10,500 to Lucille rather than $300 per month. It is well established in North Dakota that courts invested with the power to grant divorces and award spousal support money have the power to change or modify the amount to be paid or *the method by which it is to be paid* whenever it is shown that the circumstances of the parties have materially changed. *Burrell*

*v. Burrell,* 359 N.W.2d 381, 383 (N.D.1985). Considering Leo's failure to comply with the district court's September 15, 1986 opinion with regard to supplying Lucille with documentation of his expenditures, we believe the district court acted properly within its power.

■■■ As his last assertion of error, Leo contends that the district court erred in only requiring Lucille to pay $25 per child until the two children reach the age of 18. We conclude that the district court's order that Lucille pay this amount is not clearly erroneous. If at any time in the future Lucille's financial circumstances materially change, Leo, at that time, will be afforded an opportunity to urge the district court to modify the support amounts. With regard to Leo's argument that Lucille's support obligation should not terminate at the children's 18th birthdays, we have held that under Section 14–09–10, N.D.C.C., a trial court may award child support beyond the age of majority if the child is unable to maintain him or herself by work. *Freyer v. Freyer,* 427 N.W.2d 348, 351 (N.D.1988). As of April of 1989, Leo and Lucille's children, Chad and Jennifer, were respectively ages 14 and 11. Since the children have not reached the age of majority at this time, this issue is premature and will not be considered by this Court.

For the foregoing reasons, the district court's amended judgment is affirmed in all respects.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MISCHKE, JJ., concur.