**Ruth Ann GARBE, Plaintiff and Appellee,**

v.

**Robert Keith GARBE, Defendant and Appellant.**

**Civ. No. 900336.**

Supreme Court of North Dakota.

April 2, 1991.

Collin P. Dobrovolny for Lamont, Skowronek & Dobrovolny, Minot, for defendant and appellant.

Gregory L. Lange for Richardson & Lange, Hazen, for plaintiff and appellee.

VANDE WALLE, Justice.

Robert Garbe appealed from an order and judgment entered in district court for Ward County amending a divorce judgment. We reverse the amended judgment and remand.

Robert and Ruth Garbe were divorced by a judgment entered March 17, 1987. Prior to entry of judgment, the parties stipulated to the terms of the custody and support of their minor child, Cassandra, as well as to visitation rights and to the distribution of the marital estate. The stipulation which was incorporated into the judgment provided that Ruth have custody of Cassandra. Robert was to pay $250 per month in child support until Cassandra reached the age of 18 unless Ruth remarried, in which case $50 of that amount was to be placed into an educational trust fund. Ruth subsequently remarried and the trust fund was established. Each year the parties were to alternate income tax deductions for Cassandra. Robert was required to maintain medical insurance for Cassandra, who had cerebral palsy, and was required to pay any uncovered costs associated with her physical therapy.

In April of 1990, Ruth brought a motion to modify several provisions of the divorce judgment. Following a hearing on the motion, the district court amended the original divorce judgment by an order dated July 12, 1990. Child support was increased to $500 per month to continue until Cassandra reaches age 19 or graduates from high school, whichever occurs first. Ruth's name was added to the educational trust

fund and she was awarded the income tax deduction for three continuous years commencing in 1990.

■ Robert has raised a number of issues challenging the trial court's modifications. The dispositive issue raised is whether the trial court erred in failing to make specific findings of a material change of circumstances warranting the modifications. We hold that the trial court did so err.

■ We have stated many times that courts which have the power to award child support have the power to modify the amount of support and the method by which it is paid upon a showing that the circumstances of the parties have materially changed, *e.g.*, *Gabel v. Gabel*, 434 N.W.2d 722 (N.D.1989). Recent developments in this area of the law have not made unnecessary the need to find a material change of circumstances.

In 1989 our Legislature directed the department of human services to establish child support guidelines "to assist courts in determining the amount that a parent should be expected to contribute toward the support of the child...." 1989 N.D. Laws ch. 148, § 4 (codified at NDCC § 14–09–09.7). Section 14–09–09.7(3) created a rebuttable presumption that the amount of child support resulting from an application of the guidelines would be correct. In *Illies v. Illies*, 462 N.W.2d 878 (N.D.1990), however, we held that the child support guidelines established by the department of human services pursuant to section 14–09–09.7, NDCC, were invalid because the department failed to properly promulgate the guidelines.[1]

The same 1989 Act also provided for the periodic review of child support orders. *See* 1989 N.D.Laws ch. 148, §§ 16, 17. A temporary new section, effective October 1, 1990, applied only to child support orders being enforced by child support agencies. *See* NDCC § 14–09–08.4 (note).[2] A permanent section provides for a periodic review of all child support orders and becomes effective October 1, 1993. NDCC § 14–09–08.4.[3] Both of these sections re-

---

**1.** Due to the prospective application of our decision in *Illies*, 462 N.W.2d 878 (N.D.1990), we include it in the opinion only as part of our discussion of recent developments in the area of child support. *See Puklich v. Puklich*, 463 N.W.2d 651 (N.D.1990) for a discussion of the prospective nature of our decision in *Illies*. We do note that a central issue in *Illies* was the reasonableness of the award of child support. While this issue was raised in the case at bar, we do not reach it today.

**2.** The temporary section provides:
  "Periodic review of child support orders.
  "1. The public authority shall establish standards to determine that a child support order being enforced by the child support agency should be reviewed. If required to do so in order to secure approval by federal officials charged with administration of title IV–D of the Social Security Act [Pub.L. 93–647; 88 Stat. 2351; 42 U.S.C. 65] et seq., as amended], the public authority shall make those standards a part of a plan indicating how and when child support orders are to be periodically reviewed and adjusted.
  "2. If the child support agency determines, at the request of the obligor or the obligee, or on its own motion, that, pursuant to the standards described in subsection 1, a child support order being enforced by the child support agency should be reviewed, the child support agency shall initiate a review of such

order and, if the order provides for child support payments in an amount less than eighty-five percent of the amount that would be required by child support guidelines established under subsection 1 of section 14–09–09.7, shall seek an amendment of the order. The court shall order the amendment of child support payment to that required under the child support guidelines unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted."
This section is effective October 1, 1990 through October 1, 1993, and after that date is ineffective. 1989 N.D.Laws ch. 148 § 37.

**3.** Section 14–09–08.4, NDCC, provides:
  "1. Each child support order must be reviewed by the child support agency not less than thirty-six months after the establishment of the order or the most recent review of the order unless:
    a. In the case of an order with respect to which there is in effect an assignment under sections 50–09–06 or 50–09–06.1, subsection 2 of section 50–24.1–02, or section 50–24.1–02.1, the child support agency has determined that a review is not in the best interests of the child and neither the obligor nor the obligee has requested review; or
    b. In the case of any other order neither the obligor nor the obligee has requested review.

quire, to some degree, the child support awards to comply with the suggested guidelines. But these sections were not effective at the time of the court's order for modifications in this case, and they are not applicable. The requirement that a party show that there has been a material change in circumstances before a court may modify a child support award is not yet eliminated. *See State ex rel. Younger v. Bryant,* 465 N.W.2d 155 (N.D.1991).[4]

Ruth asserts that the extension of support payments past the age of majority must be affirmed because section 14–09–08.2, NDCC, eliminates the requirement of a material change of circumstances for such a modification. Section 14–09–08.2(1) provides:

"(1) In the absence of a written agreement to the contrary entered into after July 1, 1989, a judgment or order requiring the payment of child support until the child attains majority is deemed to be modified to continue as to the child until the end of the month during which the child is graduated from high school or attains the age of nineteen years, whichever occurs first, if:

a. The child is enrolled and attending high school and is eighteen years of age prior to the date the child is expected to be graduated; and

b. The child resides with the person to whom the duty of support is owed."

Section 14–09–08.2 applies only if the child is enrolled and attending high school, a provision omitted from the trial court's amended judgment. While this section modifies the support order upon the existence of certain conditions, a similar provision in an amended judgment which complied with the provisions in section 14–09–08.2 would not be improper and would not require a finding of a material change of circumstances.[5] *Cf. Freyer v. Freyer,* 427 N.W.2d 348 (N.D.1988) [child support may be awarded beyond the age of majority]. The trial court's modification, however, does not currently comply with section 14–09–08.2.

■ With regard to the amount of the payments, the trial court determined that it was "appropriate to use the guidelines as a standard" to re-examine the question of child support and that "utilizing the guidelines will tend to equalize the percentage of support contribution of Ruth and Robert." While we have never held that the trial court may not follow the suggested guidelines if the child support awarded is fair and reasonable and supported by the evidence, *see Younger, supra* (Levine, J., concurring specially), the trial court must find a material change of circumstances before it can apply the guidelines. Only after the trial court determines that a material change of circumstances has occurred, without reference to the guidelines, can it proceed to modify the child support. *See Younger, supra* (VandeWalle, J., concurring specially). The disparity between the obligor's current payments and the payments suggested by the guidelines cannot serve as a basis for finding a change in circumstances. *Younger, supra.*

■ In order to make a determination of whether there has been a material

---

"2. If, upon review the child support agency determines that the order provides for child support payments in an amount less than eight-five percent of the amount that would be required by the child support guidelines established under subsection 1 of section 14–09–09.7, the child support agency shall seek an amendment to the order. The court shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines unless the presumption that the correct amount of child support would result from the application of the child support guidelines is rebutted."

4. To conclude that a change in circumstances is unnecessary, and thereby affirm the application of the guidelines at the time of the modification order in this case, would require that we recognize a statute not then in effect, implementing guidelines which we found to be invalid. Notwithstanding a desire to reach what is perceived to be an equitable result, there must be a point at which, in determining the law, we recognize that a good result does not always justify the means we use to reach that result.

5. Section 14–09–08.2, NDCC, has been amended to clarify the automatic operation of the extension of support past majority. *See* S.B. 2269, Fifty–Second Legislative Assembly (1991).

change of circumstances, the trial court must conduct a fact-finding inquiry. *Redlin v. Redlin*, 436 N.W.2d 5 (N.D.1989). The facts relied on by the trial court in considering child support modification are findings of fact subject to Rule 52(a), NDRCivP. *Burrell v. Burrell*, 359 N.W.2d 381 (N.D.1985). Rule 52(a) provides, in part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment...."

The trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Gabel, supra.*

■ The purpose for requiring specific findings of fact under Rule 52(a) is to "enable the appellate court to understand the factual determination made by the trial court and the basis for its conclusions of law and judgment entered thereon." *All Seasons Water Users v. Northern Improvement Co.*, 399 N.W.2d 278 (N.D. 1987). Findings that enable this court to understand the rationale behind the trial court's decision are all that is required. *Healy v. Healy*, 397 N.W.2d 71 (N.D.1986).

While not labeled as such, the trial court in its order made the following findings relevant to a material change of circumstances:

"There has been an increase in the cost of living since 1987 and utilizing the guidelines will be more reflective of the cost of raising a child in 1990.

"As children grow older, more money is required for their needs and support.

"Cassandra has cerebral palsy and will require more medical attention than a child that has no health problems. While the parents knew of Cassandra's affliction, attendant uninsured costs of her medical treatment are being more precisely identified."

These findings are not sufficient for us to understand the rationale behind the trial court's decision. The trial court has made no specific finding of a material change of circumstance which would warrant a modi-

fication of the child support. While the general findings of the trial court may indicate that certain circumstances of the parties have changed, the extent of that change is not apparent from the findings. Not every cost of living increase, nor a birthday of a child constitutes a material change of circumstances which would warrant a modification of child support. These are occurrences which the parties presumably anticipated at the time of their stipulation. An unanticipated change in Cassandra's physical condition, or the treatment therefor, may constitute a material change of circumstance, *see Schaff v. Schaff*, 449 N.W.2d 570 (N.D.1989), but such change has not been identified in the findings. While we have previously held that a material change of circumstances may be implied from certain nonspecific findings of fact, *see Guthmiller v. Guthmiller*, 448 N.W.2d 643 (N.D.1989), we have never affirmed a child support modification order when we could not discover whether or not the trial court's determination was clearly erroneous due to a failure to comply with Rule 52(a). *See Skoglund v. Skoglund*, 333 N.W.2d 795 (N.D.1983).

Accordingly, we reverse the amended judgment and remand for a preparation of more specific findings. The trial court may conduct further proceedings on its own motion or at the request of either party if additional evidence is deemed necessary to prepare the findings.

ERICKSTAD, C.J., and GIERKE, J., concur.

LEVINE, Justice, dissenting.

In *Schaff v. Schaff*, 449 N.W.2d 570 (N.D.1990), we affirmed the trial court's finding of material change in circumstances partly upon a specific finding that Ms. Schaff's progressive illness was more debilitating than previously anticipated or perceived. We should likewise affirm the trial court's similar finding in this case.

It is true that the trial court did not write words to the effect that "I find as a material change of circumstances the following." But it did write what I interpret to be a

predicate for increasing the amount of child support, that the cost of living had increased since the original award, that children need more money as they grow older and probably most significant, that the child's cerebral palsy, though known at the time of the divorce, was, in effect, now known to be more expensive than anticipated. From this recitation by the trial court, I understand "the factual determination made by the trial court and the basis for its conclusions of law and judgment entered thereon." *All Seasons Water Users v. Northern Improvement Co.*, 399 N.W.2d 278 (N.D.1987); *Healy v. Healy*, 397 N.W.2d 71 (N.D.1986).

I agree that, sometimes, when a clear expression of findings on an issue is missing, we must reverse. *E.g., Wright v. Wright*, 463 N.W.2d 654, 656 (N.D.1990) (Levine, J., concurring). I also would agree that a reversal is justified when the omission of a specific finding in conjunction with other express findings or statements by the trial court raises doubt about whether the trial court properly applied the law. *E.g., Anderson v. Anderson*, 448 N.W.2d 181 (N.D.1989). In this case, however, it is clear to me that the trial court implicitly found a material change of circumstances before it increased the amount of support and, therefore, properly applied the law.

While I agree with the majority that the guidelines do not apply to this case as anything more than a reasonable benchmark, the guidelines under our new law are now part of the child support landscape. Whether or not the legislature has eliminated the judicial prerequisite of material change in circumstances in order to comply with the guidelines, this court should lead the way. It would be unseemly to deprive from the guidelines' munificence (I use the term advisedly because everything is relative) the very class they were intended to protect—children of divorce. It would be even more unseemly to perpetuate our requirement of a material change in circumstances without a concomitant holding that a deviation from the guidelines is per se a material change of circumstances.

Because I would hold that the trial court made sufficient findings on material change of circumstance to enable an appellate court to review those findings, I would affirm. I, therefore, respectfully dissent.

MESCHKE, J., concurs.