Bonnie SWEENEY, f/k/a Bonnie Kay Hoff, Plaintiff and Appellee,

v.

Dennis Duane HOFF, Defendant and Appellant.

Civ. No. 910099.

Supreme Court of North Dakota.

Nov. 20, 1991.

Thomas B. Jelliff, Grand Forks, for defendant and appellant.

Wills & Lill, Grand Forks, for plaintiff and appellee, argued by Karen Wills, Grand Forks.

ERICKSTAD, Chief Justice.

Dennis Duane Hoff appeals from a third amended judgment entered in the District Court for Grand Forks County, increasing Hoff's child support obligation from $125 per month to $372 per month, and ordering Hoff to pay $1,070 for his share of incurred unpaid medical expenses. We affirm in part, reverse in part, and remand.

On January 28, 1981, the parties to this action were divorced. In the initial judgment of divorce, Hoff was required to pay $125 per month per child. The judgment was subsequently modified on two occasions, but Hoff's child support obligation remained at $125 per month per child. At the time of the divorce, the parties had two minor children. The older of the parties' children reached the age of majority on April 24, 1990, which reduced his total obligation from $250 to $125 per month.

On August 2, 1990, Bonnie Sweeney brought a motion to amend the second amended judgment to increase Hoff's child support obligation, and to change visitation. In her brief in support of the motion, Sweeney also asked the Court to order Hoff to pay for one-half of certain medical expenses already incurred, after which she would assume payment for future non-reimbursed medical expenses, and to permit her to claim their minor son as a tax exemption.[1] The trial court increased Hoff's child support obligation to $372 per month and awarded Sweeney $1,070 for one-half of the medical expenses already incurred, but refused to change visitation. This appeal followed.

■ Our review of a trial court's determination regarding such matters as child support, spousal support, child custody, visitation, and property division is governed by Rule 52(a), N.D.R.Civ.P. *Reede v. Steen*, 461 N.W.2d 438, 440 (N.D.1990). Accordingly, we will not set aside a trial court's determination, unless it is clearly erroneous. A finding is clearly erroneous when, although there is some evidence to support it, "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *Gabel v. Gabel*, 434 N.W.2d 722, 723 (N.D.1989).

■ It is well-settled that courts which issue divorces and award child support retain the authority to modify the amount to be paid, or the method of payment, when there has been a showing that the circumstances of the parties have materially changed. *Garbe v. Garbe*, 467 N.W.2d 740, 742 (N.D.1991). Of particular importance is a change in the financial circumstances of the parties. "However, a change in financial circumstances by itself is not sufficient to modify child support without further inquiry about the cause of the change, including whether the change was permanent or temporary and whether it was due to a voluntary act or neglect on the part of the obligor." *Gabel v. Gabel*, 434 N.W.2d at 723; *Bloom v. Fyllesvold*, 420 N.W.2d 327, 331 (N.D.1988); *Cook v. Cook*, 364 N.W.2d 74 (N.D.1985). One must also consider whether or not the change in circumstances was foreseen or contemplated at the time of the initial divorce decree or any subsequent modification. *Cook v. Cook*, 364 N.W.2d at 76; *Muehler v. Muehler*, 333 N.W.2d 432 (N.D.1983).

■ Before a trial court can determine whether or not there has been a material change of circumstances, it must engage in a fact-finding inquiry. *Garbe v. Garbe*, 467 N.W.2d at 744. Under Rule 52(a), N.D.R.Civ.P., a trial court is required to "find the facts specially and state separately its conclusions of law thereon." "The purpose for requiring specific findings of fact under Rule 52(a) is to 'enable the appellate court to understand the factual determination made by the trial court and the basis for its conclusions of law and judgment entered thereon.'" *Garbe v. Garbe*, 467 N.W.2d at 744 (quoting *All Seasons Water Users v. Northern Improvement Co.*, 399 N.W.2d 278 (N.D.1987)).

The trial court, in its memorandum decision and order, stated that it "continues to follow the latest North Dakota Department of Human Services child support guidelines

[1]. The trial court's memorandum and order does not address Sweeney's request to allow her to claim their son as a tax exemption. Thus, paragraph 12 of the third amended judgment which states "Plaintiff and Defendant shall each be entitled to claim one of the minor children of the parties as exemptions for state and federal income tax purposes, starting in 1981" was left unchanged. Likewise, Sweeney's statement in her brief in support of the motion to amend the second amended judgment, that she would assume all future expenses respecting non-reimbursed medical expenses, was not addressed.

effective date January 5, 1990." [2] Pertinent thereto is what Justice VandeWalle said, speaking for a majority of our Court in *Garbe:*

"While we have never held that the trial court may not follow the suggested guidelines if the child support awarded is fair and reasonable and supported by the evidence, see *State ex rel. Younger [v. Bryant],* [465 N.W.2d 155 (N.D.1991)], *supra* (Levine, J., concurring specially), the trial court must find a material change of circumstances before it can apply the guidelines. Only after the trial court determines that a material change of circumstances has occurred, without reference to the guidelines, can it proceed to modify the child support. *See Younger, supra* (VandeWalle, J., concurring specially). The disparity between the obligor's current payments and the payments suggested by the guidelines cannot serve as a basis for finding a change in circumstances. *Younger, supra.*"

467 N.W.2d at 743.

■ In this case, the trial court made no specific finding of a material change in circumstances. Although under some circumstances a material change of circumstances may be inferred from a trial court's general findings, "we have never affirmed a child support modification order when we could not discover whether or not the trial court's determination was clearly erroneous due to a failure to comply with Rule 52(a)." *Garbe v. Garbe,* 467 N.W.2d at 744; *Skoglund v. Skoglund,* 333 N.W.2d 795 (N.D.1983); *see also Anderson v. Anderson,* 448 N.W.2d 181 (N.D.1989). In light of the current construction of our law by the majority of our Court, there is nothing within the trial court's order which

enables us to understand its decision justifying the increase in child support. [3] Accordingly, that part of the third amended judgment increasing child support must be reversed and remanded for more specific findings. Just as we held in *Garbe,* "[t]he trial court may conduct further proceedings on its own motion or at the request of either party if additional evidence is deemed necessary to prepare the findings." *Garbe v. Garbe,* 467 N.W.2d at 744.

■ Hoff also argues on appeal that the trial court's judgment awarding Sweeney $1,070 for one-half of incurred medical expenses was not supported by the record. Counsel's entire argument in support of this contention follows:

"At the hearing, Appellee testified that some portion of her claims for medical included charges for her child by her second husband (Sweeney). (R. 65) The testimony also shows that Appellant paid any deductibles and that his son was covered by his insurance. In fact, according to the transcript, and to evidence presented at the hearing, Appellee may actually owe the Appellant monies toward medical expenses for the son. (R. 133)"

Upon review of those parts of the trial transcript referred to us by Hoff, we are not left with a firm and definite conviction that a mistake has been made. The trial court could reasonably have concluded that, when Sweeney said some of the medical expenses she had listed were for her child of the subsequent marriage, she was referring to her financial affidavit and not to the medical expenses she sought payment for from Hoff. The relevant parts of the trial transcript read:

2. In *Illies v. Illies,* 462 N.W.2d 878 (N.D.1990), we ruled the Department of Human Services' guidelines invalid because they had been improperly promulgated. We said that we would apply that decision prospectively to all cases decided after the issuance of the mandate. The Department of Human Services subsequently promulgated new child support guidelines effective February 1, 1991.

3. Sweeney argues that although the trial court did not make an explicit finding of a material

change of circumstances, that finding can be inferred from the trial court's reference to the fact that the one child is no longer a minor, and the fact that the minor child was undergoing counseling. However, there was no finding that these, or other changes, constituted a material change in circumstances. There were no findings as to whether or not these, or other changes, were permanent or temporary, foreseen or unexpected, involuntary or voluntary.

"Q You've got babysitting down here. Is that for your younger child?

"A Yes, it is.

"Q You're not asking Dennis Hoff to pay for the babysitter, are you?

"A No, I'm not.

"Q Are any of your drugs or medical listed here or in your checks for the younger child that is not Dennis Hoff's?

"A Yes, I imagine there's some. That's including as principal and everything.

"Q Yeah, that's what I meant.

"A Yes.

"Q Some of those checks you offered us.

"A That's my family monthly income you were going by for my expenses."

The only document which addresses child care expenses is Sweeney's financial affidavit. Furthermore, Sweeney's statement that "[t]hat's my family monthly income you were going by for my expenses" could have convinced the trier of facts, *i.e.*, the trial court, that she was referring to her financial affidavit. We do not believe that such an implicit finding is clearly erroneous.

With respect to Hoff's testimony that he paid the deductibles for certain medical expenses covered by insurance, we note that he offered no evidence to support that testimony. Hoff did not testify as to what he may have actually paid. In light of Hoff's complete failure to offer any proof of his right to any set-off, and his failure to testify with any degree of particularity, we conclude that the trial court's determination that Hoff owed Sweeney $1,070 for his share of the medical expenses is not clearly erroneous. That part of the third amended judgment is affirmed.

As we do not deem this appeal to be frivolous, Sweeney's motion for costs and attorney's fees under Rule 38, N.D.R.App. P., is denied.

For the reasons stated in this opinion, the third amended judgment is reversed in part, affirmed in part, and remanded for proceedings not inconsistent with this opinion. No costs on appeal shall be awarded to either party.

VANDE WALLE and GIERKE, JJ., concur.

LEVINE, Justice, dissenting.

"Children are the tragic victims of the present system of inadequate ... child support." Lenore J. Weitzman, *The Divorce Revolution*, 321 (1985).

I am disheartened and demoralized that when a trial judge is sensitive to that inadequacy and acts to remedy it in accord with legislatively sanctioned guidelines by supplementing a grossly inadequate amount of child support, a majority of this court reverses.

The guidelines will apply to child support awards regardless of whether there is a material change of circumstances come October 1, 1993. *See* NDCC 14-09-08.4(3) and note (1989). But the majority says, in effect, until that time, we will continue to require the change-of-circumstances shibboleth, notwithstanding that it perpetuates unfair treatment of children and flies in the face of a clear public policy against inadequate child support. I echo the good sense of a colleague who, in similar circumstances, said, "I see no purpose in adhering to our previous case law in this instance." *Hopkins v. McBane*, 427 N.W.2d 85, 96 (N.D.1988) (VandeWalle, J., concurring). At the very least, we could and should say that, if a material change in circumstances is to be required until it breathes its last breath on October 1, 1993, the guidelines themselves constitute that change of circumstances. *See Garbe v. Garbe*, 467 N.W.2d 740 (N.D.1991) (Levine, J., dissenting). After all, a guideline requirement of $372.00 based upon Mr. Hoff's income is a monumental change from the $125.00 awarded by a careful trial judge some several years ago.

The guidelines were enacted to make right what has been legislatively recognized as being wrong. In ignoring these guidelines in cases like this, the majority creates a world in which a child, whose parents are divorced today, will receive $372.00 monthly child support when Mr.

Hoff's child receives but $125.00 a month, based upon the same income. Surely, the law cannot be thus.

I would affirm the trial court judgment in its entirety. I, therefore, dissent.

MESCHKE, J., concurs.